DELL J. WOOD *v.* MANUFACTURERS &c INS. Co.

SAME *v.* BERKSHIRE MUTUAL FIRE INS. Co.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the defendants.

ALLEN, C. J.    The plaintiff took no exception to the instruction to the jury that to recover he must satisfy them "by a balance of probabilities that he had no part in either of" the fires.    The instruction, therefore, as to him, became the law of the trial.    It follows

that he had the burden to make it appear more probable than otherwise that he was innocent.

Much evidence was introduced tending to show his guilt. It was all circumstantial. The evidence of motive from financial stress and of preparation in various ways was forcible, but the evidence of opportunity and presence was less impressive, and no evidence of procurement was presented. It is considered that the plaintiff's testimony was susceptible of reasonable belief, and that a finding in his favor might properly be made, even with the testimony hereinafter held incompetent omitted. Occasion to analyse the evidence in specific detail is not thought called for. The conclusion that it invoked a jury issue is drawn from its review in its general features and entirety which are deemed to meet the special points indicating guilt.

The defendants urge that the evidence of guilt is as strong as that in *Lamb* v. *Insurance Co.*, 88 N. H. 306, but there are many contrasts between the facts there and here upon which the demand for the inference of guilt there calls for no such inference here. Opportunity, presence and other significant facts there were shown, while here not much more than evidence of motive and preparation is presented. The *Lamb* case is too dissimilar in its facts from this one to warrant its authority as decisive here.

Even if the plaintiff, in contradictory statements, testified falsely, it is not conclusive that his testimony was intentionally false, and hence it is not demonstrated that he attempted to defraud the defendants. Moreover, it seems doubtful if the defendants may now raise the issue. Their counsel gave the trial court to understand that the sufficiency of evidence was the only issue on which they rested their motions for nonsuit and directed verdicts.

The motions were properly denied.

The plaintiff was permitted to present evidence of enmity toward him. As one instance, the act was of throwing a stone into his bedroom window at night while he was asleep, not long before the fires. The identity of the person committing the act was unknown. As another instance, a former roomer in the plaintiff's house made a disturbance there late one night a few months before the fires. He was intoxicated and after being admitted, engaged in argument about some articles he claimed to have left there when his room was given up. He refused to leave on request and a police officer was called who came and arrested him. The bad feeling thus provoked persisted, and shortly before the fires, meeting the plaintiff, he used

offensive language and made a threat, saying "I'll get even with you." No accusation that he set the fires was made by the plaintiff; at most, as the plaintiff thought, he would do so only if intoxicated.

The exception to the plaintiff's testimony upon the incident of throwing a stone was waived by non-objection to his wife's later testimony in corroboration. *State* v. *Harmon*, 88 N. H. 267, 270.

The exception relating to the trouble with the former roomer and the threat he made presents the inquiry of its relevancy. If the evidence did not logically tend to show that he committed arson, it is difficult to see how it tended to show that the plaintiff was innocent. The circumstances of the trouble and the threat, not to burn but merely to get even, were insufficient to make it probable that the roomer was the incendiary. Reason for doing a thing is not by itself evidence from which action pursuant to the reason may be inferred, even when the thing has been done by someone. The mere fact that one charged as an incendiary has enemies who have made threats of a general character against him does not have deductive quality to weaken the force of the evidence of his guilt. Proof of innocence is not enhanced by proof merely that another had a motive to commit the wrong. It would be a wide departure from the fundamental rule of relevancy if in arson cases evidence of possibilities were admitted to disprove guilt. Evidence of possible guilt, having no probative value, is not available to show another's innocence. To say that one is innocent because another possibly is guilty is not a logical conclusion. No aid to the claim of innocence is properly rendered by conjectural inferences. The premise that perhaps another is guilty neither strengthens the evidence of innocence nor weakens that of the guilt of the one charged. It has no probative strength or persuasive force. "But where the injury is a natural and probable result of the negligence charged, a wrongdoer 'cannot set up as an answer to the action the bare possibility of a loss if his wrongful act had never been done.'" *Boucher* v. *Larochelle*, 74 N. H. 433, 435.

In *Wigmore*, Ev., *s.* 139, it is suggested that another person's threats may raise a reasonable doubt as to the guilt of the person charged with doing the thing thus threatened, for which the "slightest likelihood" of such other's guilt "may suffice or at least assist." But such likelihood must be some probability, beyond surmise, and the text qualifies the admissibility of such threats "if unaccompanied by additional facts pointing towards" the other person as the guilty one. It has not been here argued that the roomer probably set the fires, unless indirectly by saying the evidence was for the jury's con-

sideration. But the evidence at most went no further than to show that he might have set them. It could not be found that he did.

Authority supports this view of the colorless strength of such evidence. "The proof must connect such third person with the *fact*, that is, with the perpetration of some deed entering into the crime itself. There must be proof of such a train of facts and circumstances, as tend clearly to point to him, rather than to the prisoner, as the guilty party." *Carlton* v. *People*, 150 Ill. 181. "The existence of ill feeling as a motive for the commission of crime will not alone justify submitting to a jury the question of the guilt of a person entertaining such feeling. It becomes material only when offered in connection with other evidence proper to be submitted, showing that the person charged with such ill feeling was in fact implicated in the commission of the crime." *Commonwealth* v. *Abbott*, 130 Mass. 472, 475, 476. See also 5 C. J. 578, *s.* 62; 2 R. C. L. 516, *s.* 20.

The improper prejudice of the evidence is self-evident. The jury were permitted to employ it as a reason for finding the plaintiff innocent.

The court's charge on the burden of proof is found to accord with the requested instructions, in language which was "clear, explicit, and unambiguous to the practical, but non-professional, minds of jurymen." (*Cohn* v. *Saidel*, 71 N. H. 558, 571). The jury were told in three concise sentences that to recover the plaintiff had to show by a balance of probabilities that he neither set nor caused to be set either fire. The instructions were of concrete application rather than abstract rules of law. No valid ground exists to require their elaboration by re-statement in different form or by extension and emphasis.

The court gave a specific instruction that if either fire was of a character the policies insured against, the plaintiff was entitled to recover. But the exception to the "failure to charge as requested in the matter of the burden of proof" was the only one taken in connection with the charge. The instruction was on a point not related to the burden of proof. If it had been, the exception was too general for it to extend to grounds not brought to the court's notice at the time. *Monteith* v. *Company*, 82 N. H. 175, 176; *Hoen* v. *Haines*, 85 N. H. 36, 39.

*New trial.*

BRANCH, J., did not sit: the others concurred.